## A97A1300. PARKER v. THE STATE.
### (491 SE2d 113)

BEASLEY, Judge.

Gary Parker was convicted of failing to stop for a school bus which had actuated its flashers and stop-arm at an intersection where it was letting off a child. See OCGA § 40-6-163 (a). Parker's defense was that the bus was stopped at an intersection "where traffic is controlled by traffic-control signals" and therefore the bus driver was forbidden from actuating the flashers and stop-arm. See OCGA § 40-6-162 (1). He argues that he was under no duty to heed the wrongfully actuated visual signs of the bus.

Regardless of whether or not a driver is excused from obeying wrongfully actuated flashers and stop-arm of a bus and so risk injury to a child who may begin to cross the street, a stop sign is not a traffic control signal. Thus the bus driver was authorized to actuate the visual signals of the bus. " 'Traffic-control signal' means any device, whether manually, electrically, or mechanically operated, by which traffic is alternately directed to stop and permitted to proceed." OCGA § 40-1-1 (67). Stop signs are not "operated" in any fashion, not manually, not electrically, not mechanically. They are static, nonmoving structures. Secondly, they do not "alternately" direct traffic to stop and proceed. All traffic must stop before proceeding. Parker's contention that all intersections are dangerous and that no bus should be allowed to discharge students at any intersection is public

policy for the legislature to decide, not this Court.

It was not error to refuse to direct a verdict of acquittal.

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

DECIDED AUGUST 6, 1997.

*George W. Weaver*, for appellant.

*T. Joseph Campbell, District Attorney, Mickey R. Thacker, Assistant District Attorney*, for appellee.